```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
DANIEL L. JUNK,                          :      19cv385 (DLC)
                                         :
                    Plaintiff,           :      OPINION AND ORDER
                                         :
          -v-                            :
                                         :
BOARD OF GOVERNORS OF THE FEDERAL        :
RESERVE SYSTEM,                          :
                    Defendant.           :
                                         :
-----------------------------------------X
```

APPEARANCES:

For plaintiff:
Frank J. Dito, Jr.
Law Offices of Frank J. Dito, Jr.
1610 Richmond Road
Staten Island, NY 10304
(718) 701-2776

For defendant:
Monica Pilar Folch
United States Attorney's Office
Southern District Of New York
86 Chambers Street, Third Floor
New York, NY 10007
(212) 637-6559

DENISE COTE, District Judge:

On January 14, 2019, Daniel Junk ("Junk") filed this action against the Board of Governors of the Federal Reserve System (the "Board") under the Freedom of Information Act ("FOIA") to compel production of records relating to three loans made by the Federal Reserve Bank of New York (the "FRBNY").  The Board

rejected Junk's FOIA request, concluding that the records in question were records of the FRBNY.  The Board now moves to dismiss this action for lack of subject matter jurisdiction and improper venue.  The parties have also filed cross-motions for summary judgment.  The Board's motion to dismiss is denied.  The Board's motion for summary judgment is granted in part, as is Junk's motion for summary judgment.

## BACKGROUND

The following facts are undisputed.  The Federal Reserve System was created by Congress in 1913 pursuant to the Federal Reserve Act.  12 U.S.C. § 222.  The Federal Reserve System is composed of the Board, located in Washington, D.C., and twelve regional Federal Reserve Banks ("FRBs").  12 U.S.C. §§ 222, 224.  The Board supervises the operations of the FRBs.  12 U.S.C. § 224.

On April 3, 2018, Junk submitted a FOIA request to the Board for "any records from Maiden Lane LLC, Maiden Lane II LLC, and Maiden Lane III LLC [(the "Maiden Lane LLCs")] containing the . . . nine-digit, alphanumeric CUSIP number 40431LA9."  The Maiden Lane LLCs were limited liability companies created by the FRBNY during the 2008 financial crisis.  In 2008, pursuant to Section 13(3) of the Federal Reserve Act, the Board authorized the FRBNY to issue loans to the Maiden Lane LLCs, which the Maiden Lane LLCs used to purchase assets from certain financial

2

institutions.  See 12 U.S.C. § 343 (1991) (as amended 2010).  In closing out the Maiden Lane LLCs in August 2012, the FRBNY sold eight residual securities that, according to the FRBNY's website, "had been factored to zero and consequently dropped from [its] portfolio holding report."  Junk believes that among these residual securities was a security with CUSIP number 40431LA9.

On June 6, the Board denied Junk's request.  The Board concluded that its "duty to search records [was] not triggered because the Board is not reasonably likely to have information responsive to [Junk's] request."  The Board further explained that because the FRBNY had issued loans to the Maiden Lane LLCs under its own authority, the FRBNY maintained the records related to the Maiden Lane LLCs.[1]

On January 14, 2019, Junk initiated the instant action.  On April 29, the Board filed a motion to dismiss for lack of subject matter jurisdiction and improper venue, or for summary judgment.  Junk opposed the Board's motions and cross-moved for summary judgment on May 29.  The motions were fully submitted on July 15.

---

[1] On June 25, Junk emailed the Board "appeal[ing]" his FOIA request, which the Board denied on January 22, 2019.

**DISCUSSION**

  I.  **Subject Matter Jurisdiction**

The Board moves to dismiss this action for lack of subject matter jurisdiction. It reasons that, because FOIA only provides courts with jurisdiction upon a showing that an agency has withheld "agency records," and the records at issue are housed at the FRBNY, there is no subject matter jurisdiction over this lawsuit.

FOIA grants district courts "jurisdiction to enjoin the agency from withholding agency records . . . improperly withheld from complainant." 5 U.S.C. § 552(a)(4)(B). As the Second Circuit has explained, the term jurisdiction in the statute refers to the court's "remedial power, not subject matter jurisdiction." Main St. Legal Servs., Inc. v. Nat'l Sec. Council, 811 F.3d 542, 566 (2d Cir. 2016). The Board's motion to dismiss for lack of subject matter jurisdiction is therefore denied.

  II.  **Summary Judgment**

The parties have cross-moved for summary judgment on Junk's FOIA request. Summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when the record taken as a

4

whole could not lead a rational trier of fact to find for the non-moving party." Smith v. Cnty. of Suffolk, 776 F.3d 114, 121 (2d Cir. 2015) (per curiam) (citation omitted). "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate." Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . are sufficient to sustain the agency's burden" and "are accorded a presumption of good faith." Id. (citation omitted).

Absent a relevant exemption, FOIA requires a federal agency to disclose "agency records" in its possession. See 5 U.S.C. § 552(a)(4)(B). Under FOIA, documents are "agency records" if: "(1) the agency created or obtained the relevant records, and (2) the agency is in control of the documents at the time of the FOIA request." Fox News Network, LLC v. Bd. of Governors of Fed. Reserve Sys., 601 F.3d 158, 160 (2d Cir. 2010).

The Secretary of the Board is the official custodian of "all Board records, including records that are in possession or control of the Board, any [FRB], or any Board or Reserve Bank employee." 12 C.F.R. § 261.3(a). Federal regulations define which records of the Board are "agency records" for purposes of FOIA. See Fox News Network, 601 F.3d at 161. Those regulations define the "Records of the Board" to include records of the FRBs

5

in two circumstances.  The regulations provide that Records of the Board include:

> (i) In written form, or in nonwritten or machine-readable form; all information coming into the possession and under the control of the Board, any Board member, <u>any Federal Reserve Bank</u>, or any officer, employee, or agent of the Board or of any Federal Reserve Bank, in the performance of functions for or on behalf of the Board that constitute part of the Board's official files; or
>
> (ii) That are maintained for administrative reasons in the regular course of business in official files in any division or office of the Board or <u>any Federal Reserve Bank</u> in connection with the transaction of any official business.

12 C.F.R. § 261.2(i)(1)(i)-(ii) (emphasis supplied).

Under this definition, FRB records are Board records either (1) "when they are created pursuant to the 'performance of functions for or on behalf of the Board,'" or (2) "when they 'are maintained for administrative reasons in the regular course of business in official files in any division or office of the Board or any [FRB] in connection with the transaction of any official business.'"  <u>Fox News Network</u>, 601 F.3d at 161 (quoting 12 C.F.R. § 261.2(i)(1)(i)-(ii)).

In <u>Fox News Network</u>, the Second Circuit considered whether records of certain lending activity by the FRBs would constitute Board records under either prong of the regulation, 12 C.F.R. § 261.2(i)(1)(i) ("prong one") or (ii) ("prong two").  601 F.3d at 161.  It held that FRB records relating to loans

6

which "the Board neither issues nor authorizes" are not covered by prong one.  Id.  Based on the "statutory scheme that enacted the Federal Reserve System," the court concluded, loans neither issued nor authorized by the Board are made neither "on 'behalf of the Board'" nor under its "delegated authority."  Id.

At the same time, the Court of Appeals held that FRB records concerning the loans at issue there could constitute Board records under prong two of the regulation.  Id. at 162.  To the extent such records were "maintained for administrative reasons in the regular course of business in official files in any division or office of the Board or any [FRB] in connection with the transaction of any official business," they were Board records under 12 C.F.R. § 261.2(i)(1)(ii).  Fox News Network, 601 F.3d at 161.

In this case, Junk has requested records relating to loans issued pursuant to Section 13 of the Federal Reserve Act, 12 U.S.C. § 343.  12 U.S.C. § 343 (1991) (amended 2010).  As it then stood,[2] Section 343 empowered the Board "by the affirmative vote of not less than five members," "[i]n unusual and exigent circumstances, . . . [to] authorize any [FRB]" to extend emergency loans to "any individual, partnership, or

---

[2] The statute was amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, as of July 21, 2010 (the "Dodd-Frank Act").

7

corporation." Id.  Thus, the records sought by Junk concern loans that the FRBNY issued with Board authorization.[3]

The Board authorized the loans in question during the 2008 financial crisis, under conditions of severe economic distress. Their issuance resulted in information coming into the possession of the Board and/or an FRB "in the performance of functions for or on behalf of the Board."  12 C.F.R. § 261.2(i)(1)(i).  As such, under prong one of the regulation, records in "the possession and under the control of" the FRBNY concerning these loans are Board records.  Id.

Defending its decision not to conduct any search, the Board maintains that these records are not Board records under prong one because Board staff confirmed that such records are "housed" at the FRBNY.  But, under the plain language of the regulation the location of records does not determine whether records are records of the Board.  Assuming the other requirements of the regulation are met, Board records include "all information coming into the possession and under the control of . . . any Federal Reserve Bank . . . or any officer, employee, or agent of . . . any Federal Reserve Bank."  12 C.F.R. § 261.2(i)(1)(i).

---

[3] In contrast, the loans at issue in Fox News Network were issued under authority delegated to the FRBs under 12 U.S.C. § 347b. 601 F.3d at 161.

The Board also asserts that the records in question are not Board records under prong one because they concern loans that the FRBNY made under 12 U.S.C. § 343, which FRBNY staff have stated were "not a Board-delegated function." The staff contends instead that it is the FRBs that have the statutory authority to lend. While the § 343 loans may be made by the FRBs, the FRBs must first obtain Board authorization for issuance of the loans. Moreover, the definition of Board records in prong one of the regulation does not hinge on whether records were created pursuant to "Board-delegated" functions. Instead, it provides that records created in the performance of functions "for or on behalf of the Board" are Board records. The authorization of a § 343 loan is the performance of a Board function and the Board does not suggest otherwise. The records sought by Junk are therefore Board records under prong one of 12 C.F.R. § 261.2(i)(1).

Finally, the Board asserts that the documents are not Board records because it is the longstanding interpretation of the staff of the Board and the FRBNY that they are not. While regularity in practice is commendable, it does not relieve the Board from strict adherence to the definition of Board records contained in the Board's regulations.

These records, however, are not Board records under the regulation's second prong.  Under prong two, records kept "in official files in . . . any [FRB] in connection with the transaction of any official business" are Board records, but only if they are "maintained for administrative reasons in the regular course of business."  12 C.F.R. § 261.2(i)(1)(ii).  Senior Special Counsel in the Board's Legal Division declares that records "maintained for administrative reasons" at the FRBs "primarily relate to examination and supervisory activities, certain data collection and reporting activities, and the selection and appointment of FRB directors, and not to . . . lending activities."  This declaration reasonably describes the types of records that the Board is likely to maintain for "administrative reasons."[4]  Records concerning the Maiden Lane LLCs are not managerial or supervisory documents that the Board would maintain for "administrative reasons."

Junk argues that the Board's proposed reading of prong two deserves no deference under Auer v. Robbins, 519 U.S. 452 (1997), because it is unreasonable to read the regulation not to

---

[4] Although the Second Circuit in Fox News Network ordered the Board to search FRB records relating to lending activities under prong two of 12 C.F.R. § 261.2(i)(1), the Board did not argue that records relating to the loans at issue there would not constitute records kept for "administrative reasons."  601 F.3d at 162.

10

cover certain of the records he has requested.  He points to his request for daily data feeds from the FRBs to the Board about the Maiden Lane LLCs lending activities, as well as Board reports generated from these feeds and distributed to "select Senior Staff at the [FRBNY]."  This argument misses the mark.  While it is true that the Board employee's declaration is not entitled to Auer deference as an agency interpretation of its own regulation, this is so because the declaration is not the Board's "'authoritative' or 'official position'" of its regulatory interpretation.  See Kisor v. Wilkie, 139 S. Ct. 2400, 2416 (2018).  The declaration is nonetheless entitled to a "presumption of good faith."  Carney, 19 F.3d at 812.  In any event, the Board proposes a natural reading of prong two.  The Board has carried its burden of showing that the transactional records concerning the Maiden Lane LLC loans that Junk requests are not managerial or supervisory documents "maintained for administrative reasons in the regular course of business."  12 C.F.R. § 261.2(i)(1)(ii).  Thus, they are not Board records under prong two of the regulation and the Board need not conduct a search for the requested documents among its administrative records.

### III.  Venue

The Board moves to dismiss this case for improper venue.  FOIA's venue requirements are set forth in 5 U.S.C. §

522(a)(4)(B).  See Akutowicz v. United States, 859 F.2d 1122, 1226 (2d Cir. 1988).  It provides that district courts "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia," may enjoin an agency from improperly withholding agency records.  5 U.S.C. § 552(a)(4)(B) (emphasis supplied).

Venue lies in this district.  As discussed, the Board takes the position that the records sought by Junk are located at the FRBNY, which is in Southern District of New York.

## CONCLUSION

The Board's April 29, 2019 motion to dismiss is denied. The Board's April 29 motion for summary judgment is granted in part.  Junk's May 29 motion for summary judgment is granted in part.  The Clerk of Court shall close the case.

Dated:    New York, New York
          August 29, 2019

                                    _____
                                         DENISE COTE
                                    United States District Judge