```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
DANIEL L. JUNK,                          :
                                         :
                        Plaintiff,       :   19 Civ. 385 (DLC)
                                         :
            -v-                          :   OPINION AND ORDER
                                         :
BOARD OF GOVERNORS OF THE FEDERAL        :
RESERVE SYSTEM,                          :
                                         :
                        Defendant.       :
                                         :
-----------------------------------------X
```

APPEARANCES:

For Plaintiff:
Frank J. Dito, Jr.
Law Offices of Frank J. Dito, Jr.
1610 Richmond Road
Staten Island, NY 10304
(718)701-2776

For Defendant:
Monica Pilar Folch
United States Attorney's Office
Southern District of New York
86 Chambers Street, Third Floor
New York, NY 10007
(212)637-6559

DENISE COTE, District Judge:

On August 17, 2020, the Board of Governors of the Federal Reserve System ("the Board") moved for summary judgment on plaintiff Daniel Junk's action brought pursuant to the Freedom of Information Act ("FOIA"). Junk has filed a cross-motion for

summary judgment.  For the following reasons, the Board's motion is granted.

## Background

The following facts are undisputed.  During the 2008 financial crisis, the Board authorized the Federal Reserve Bank of New York ("FRBNY") to create three Maiden Lane LLCs.  The FRBNY subsequently issued loans to the Maiden Lane LLCs, which the LLCs used to purchase assets from certain financial institutions.  The FRBNY closed out the Maiden Lane LLCs in August 2012 and, "as part of the close-out procedures for Maiden Lane II LLC . . . sold eight residual securities that had been factored to zero and consequently dropped from the portfolio holdings report."

On April 3, 2018, Junk requested from the Board "any records from Maiden Lane LLC and Maiden Lane II LLC and Maiden Lane III LLC containing the Committee on Uniform Security Identification Procedures ("CUSIP") nine-digit, alphanumeric CUSIP number 40431LAR9."[1]  On June 6, the Board denied Junk's request that it conduct a search, asserting that it was the FRBNY and not the Board that "maintains the records related to Maiden Lane LLC, Maiden Lane II LLC, and Maiden Lane III LLC."

---

[1] CUSIPs are 9-character alphanumeric codes created by the U.S. Treasury to identify most financial instruments.  See United States v. Corsey, 723 F.3d 366, 369 (2d Cir. 2013).

summary judgment.  For the following reasons, the Board's motion is granted.

## Background

The following facts are undisputed.  During the 2008 financial crisis, the Board authorized the Federal Reserve Bank of New York ("FRBNY") to create three Maiden Lane LLCs.  The FRBNY subsequently issued loans to the Maiden Lane LLCs, which the LLCs used to purchase assets from certain financial institutions.  The FRBNY closed out the Maiden Lane LLCs in August 2012 and, "as part of the close-out procedures for Maiden Lane II LLC . . . sold eight residual securities that had been factored to zero and consequently dropped from the portfolio holdings report."

On April 3, 2018, Junk requested from the Board "any records from Maiden Lane LLC and Maiden Lane II LLC and Maiden Lane III LLC containing the Committee on Uniform Security Identification Procedures ("CUSIP") nine-digit, alphanumeric CUSIP number 40431LAR9."[1]  On June 6, the Board denied Junk's request that it conduct a search, asserting that it was the FRBNY and not the Board that "maintains the records related to Maiden Lane LLC, Maiden Lane II LLC, and Maiden Lane III LLC."

---

[1] CUSIPs are 9-character alphanumeric codes created by the U.S. Treasury to identify most financial instruments.  See United States v. Corsey, 723 F.3d 366, 369 (2d Cir. 2013).

On June 25, Junk appealed the denial.  His letter suggested that CUSIP number 40431LAR9 belonged to one of the eight residual securities sold as part of the close-out of Maiden Lane II LLC.  Junk's letter states,

> My request for information is for any records related to a residual security – CUSIP number 40431LAR9.  On August 22, 2012, the New York Fed sold eight residual securities that had been factored to zero and consequently dropped from the portfolio holdings report published by the New York Fed.  Those residual securities were not reported on as a result.

The Board responded to Junk's appeal in a letter on January 22, 2019, stating that the Board "did not locate any information responsive to [Junk's] request" and that the records Junk sought, "if any exist, would be records of the [FRBNY]."

Junk filed this FOIA action on January 14, 2019, seeking disclosure and release of the records he sought from the Board.  An Opinion of August 29 addressed the parties' 2019 cross motions for summary judgment and required the Board to conduct the requested search, finding that the records Junk sought from the Board were the Board's records under prong one, but not prong two, of the federal regulations defining "agency records".  See Junk v. Bd. of Governors of Fed. Reserve Sys., 404 F. Supp. 3d 794 (S.D.N.Y. 2019).  The Court then ordered the Clerk of Court to close the case.

Junk appealed to the Second Circuit.[2]  While the appeal was pending, the Board asked the FRBNY to conduct the search Junk had requested.  The search was supervised and conducted by Zachary Taylor, Vice President of discount window and collateral markets at FRBNY.  Taylor had assumed primary responsibility in March 2012 for management and disposition of all remaining Maiden Lane assets and continues to hold that responsibility today.  Taylor was personally involved in creating three "transaction data spreadsheets" that list "every CUSIP number that is, or ever was associated with a Maiden Lane Entity transaction."  The FRBNY publicly maintains these spreadsheets on a website.[3]

Taylor asked a staff member to search the transaction data spreadsheets "for each Maiden Lane Entity using the keyword '40431LAR9,'" which uncovered no results.  Taylor then conducted his own search of the spreadsheets and similarly uncovered no results.  Taylor notes that the Maiden Lane II LLC spreadsheet lists the eight residual securities referenced by Junk in his June 25, 2018 letter to the Board, as well as the CUSIP numbers

---

[2] The Board also filed an appeal, but that appeal was dismissed when the Board failed to perfect the appeal.

[3] The Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 specifically required the Board to publish on its website certain information about the Maiden Lane LLCs.  See Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub.L. No. 111-203, 124 Stat. 1376 § 1109(c) (2010).

4

associated with each of the eight securities.  Those eight residual securities "do not include CUSIP number 40431LAR9."

On June 24, 2020, the Second Circuit remanded this action with instructions to consider the adequacy of the search that the Board had recently conducted, whether Junk was entitled to disclosure of the requested documents, and whether Junk was entitled to any other relief, including attorney's fees.  Junk v. Bd. of Governors of Fed. Reserve Sys., No. 19-3125 (L), 2020 WL 5834852 (2d Cir. June 24, 2020).

On August 17, the Board moved for summary judgment on the ground that it had conducted a reasonable search for the documents requested by Junk and had uncovered no responsive records.  Junk cross-moved for summary judgment on September 17.  The motions became fully submitted on October 1.

## Discussion

"In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate."  Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994).  "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . are sufficient to sustain the agency's burden" and "are accorded a presumption of good faith."  Id. (citation omitted).  "This presumption cannot be rebutted by purely speculative claims about the existence and

5

discoverability of other documents." Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 489 (2d Cir. 1999) (citation omitted). "[A]n agency's search need not be perfect, but rather need only be reasonable." Id.

"When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question it raises is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." Id. (citation omitted). See also Whitaker v. Dep't of Commerce, 970 F.3d 200, 206 n.26 (2d Cir. 2020). "[A] search is not inadequate merely because it does not identify all responsive records." New York Times Co. v. U.S. Dep't of Justice, 756 F.3d 100, 124 (2d Cir. 2014).

Further, discovery relating to the agency's search "generally is unnecessary if the agency's submissions are adequate on their face." Carney, 19 F.3d at 812. In order to justify discovery once the agency has satisfied its burden, the plaintiff must "make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations[.]" Id.

The Board moves for summary judgment on the ground that it conducted an adequate search of all records reasonably likely to contain responsive information under either prong of 12 C.F.R. §

261.2(i)(1) and uncovered no responsive records. The Board has shown that, with the assistance of FRBNY, it conducted an adequate search.

The search of the spreadsheets using the keyword 40431LAR9 was reasonably calculated to discover the documents Junk requested to the extent they existed. As Taylor explains, the transactional data spreadsheets contain "every CUSIP number that is, or ever was associated with a Maiden Lane Entity transaction." If records of the Maiden Lane LLCs' transactions contained CUSIP number 40431LAR9, that number would be listed in the spreadsheets. When a search of those spreadsheets yielded no results, it was reasonable for the Board to conclude that the CUSIP number 40431LAR9 was not associated with the Maiden Lane LLCs, and, as a result, that neither the Board nor the FRBNY possessed records from the Maiden Lane LLCs containing the CUSIP number 40431LAR9.

Junk makes several arguments in opposition to the Board's motion for summary judgment and in favor of his own cross-motion. He attacks the adequacy of the Board's search and seeks discovery. None of Junk's arguments succeed in defeating the Board's motion for summary judgment.

Junk first asserts that a search restricted to just three spreadsheets raises a question of fact when the Maiden Lane entities were loaned over $70 billion. As explained in the

7

declarations provided by Taylor and David Caperton, a Senior Special Counsel in the Board's Legal Division, the FRBNY made reasonable decisions about which record systems were likely to contain documents responsive to Junk's request.  Junk's request identified the records as associated with one of the Maiden Lane entities and included a CUSIP number.  The appropriate records custodian identified the spreadsheets as the documents which contain all CUSIP numbers for transactions associated with the Maiden Lane entities and personally conducted the search.  The size of the Maiden Lane loans does not render those decisions unreasonable or indicate that the search was inadequate.

Next, Junk argues that the Board's search was inadequate because the Board searched for a security "owned" by one of the Maiden Lane entities when Junk requested records of the Board "containing" the identified CUSIP number.  Junk is mistaken.  As Taylor explains, the transactional data spreadsheets list every CUSIP number that was ever "associated with a Maiden Lane Entity transaction."

Relying on caselaw addressing litigation holds in civil litigation, Junk complains that the Board has not explained the steps it has taken to preserve its records.  The Board's burden here is to show that its search was reasonable.  As explained above, the Board has met this burden.  In any event, there is no basis to find on this record that the Board or the FRBNY failed

8

at any point to preserve records that would, if they existed, be responsive to Junk's request.  The FRBNY created and still maintains spreadsheets listing every CUSIP number associated with a Maiden Lane transaction.

Finally, Junk argues that he should be given an opportunity to take discovery.  He seeks discovery to determine whether he can assert that the Board's search has been conducted in bad faith.  Specifically, he wants discovery of FRBNY's data systems and to investigate how data from one information system maps data to another.

Junk's request for discovery is denied.  To justify discovery, Junk "must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations".  <u>Carney</u>, 19 F.3d at 812.  This Junk has not done.

## CONCLUSION

The Board's August 17, 2020 motion for summary judgment is granted.  Junk's September 17 cross-motion for summary judgment is denied.


Dated:    New York, New York
          November 18, 2020

                                      _____
                                            DENISE COTE
                                      United States District Judge

9